B. B. & C. Construction, Inc., Appellant *v.* Township of Benzinger, Appellee.

Argued October 9, 1981, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*John R. Fernan, Cartwright, Fernan & Whitney,* for appellant.

*Thomas G. Wagner, Meyer & Wagner,* for appellee.

OPINION BY JUDGE ROGERS, November 19, 1981:

B. B. & C. Construction, Inc. has appealed an order of the Elk County Court of Common Pleas upholding the Benzinger Township Board of Supervisor's decision to deny B. B. & C. building permits. We affirm.

B. B. & C. owned six adjacent lots in Benzinger Township's R-U zoning district. In January, 1977, B. B. & C. applied for and was granted special exceptions for the construction of one six-unit apartment building on each of its six lots and building permits good for two years were issued on January 28, 1977. Under the existing township regulations, B. B. & C.

was required to commence the work authorized by each of the permits within six months or the permits would be void.

In July, 1977, the township made amendments to its zoning ordinance by virtue of which six-unit apartment buildings were no longer uses permitted by special exception or indeed otherwise permitted in the R-U zone. In January, 1979, B. B. & C. applied to renew five of the building permits. At this time, B. B. & C. had completed one apartment building and had begun foundation work on a second. No building had been begun on the remaining four sites. The township renewed the permit for the site with the foundation but refused permits for the remaining four sites because construction had not begun on the lots within six months of their issuance in January of 1977. B. B. & C. then made applications for four new building permits for the four remaining units but these were refused because six-unit apartment buildings were no longer permitted uses in the R-U district.

B. B. & C.'s principal contention on this appeal is that it had a vested right to complete the remaining four units because it spent about $3,000 in improvements at the site.

One claiming a vested right in a permit must establish that his application was made in good faith, that he made a substantial commitment or expenditure in justifiable reliance upon the permit and that the permit was lawfully issued under existing zoning law, *Borough of Middletown v. Agway Petroleum Company*, 41 Pa. Commonwealth Ct. 436, 400 A.2d 647 (1979); *Klavon v. Zoning Hearing Board of Marlborough Township*, 20 Pa. Commonwealth Ct. 22, 340 A.2d 631 (1975).

There is no evidence that B. B. & C.'s applications for the four permits in question were not sought in good faith or that originally they were not lawfully

issued. As noted, the questiton is that of whether B. B. & C. has made substantial commitments for, or actual expenditures with respect to, the four units without permits. B. B. & C.'s evidence, in the form of testimony of its president, is quite unsatisfactory. In answer to an inquiry as to how much had been expended in site development, the digging of foundations, and on engineering studies, the witness answered that B. B. & C. had spent about $3,000 in "estimate[d] . . . machine time." He testified that architectural plans cost $1,500 for each building but was sure only that B. B. & C. had purchased two sets, apparently one for each of two buildings, the one it constructed and the other it had started and for which it got a renewed permit. There was no evidence tending to show that the grading estimated to cost $3,000 would be rendered valueless in developing the site in accordance with the amended zoning regulations. *Krometz, Inc. v. Upper Southampton Township Zoning Hearing Board,* 28 Bucks Co. L. Rep. 193 (1976). B. B. & C.'s evidence did not meet its burden of proving substantial expenditures in reliance upon the four permits which the township refused to issue after its zoning ordinance had been amended.

B. B. & C.'s argument (not included in its Statement of Questions) based upon the case of *Raum v. Board of Supervisors of Tredyffrin Township,* 29 Pa. Commonwealth Ct. 9, 370 A.2d 777 (1977) is without merit; the subject in *Raum* was not expired building permits but plans of subdivision approved pursuant to Section 508 of the Pennsylvania Municipalities Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508 which specifically provides limited immunization of approved subdivisions against zoning changes. No similar statutory provision protects expired building permits.

Order affirmed.

ORDER

AND Now, this 19th day of November, 1981, the order of the Elk County Court of Common Pleas is affirmed.